# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 12, 2006         Decided May 29, 2007

No. 05-1382

CANADIAN ASSOCIATION OF PETROLEUM PRODUCERS,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

*James H. Holt* argued the cause for petitioner Canadian Association of Petroleum Producers. With him on the briefs was *Jill M. Barker*.

*Lona T. Perry*, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. With her on the brief were *R. Hewitt Pate*, Assistant Attorney General, U.S. Department of Justice, *John J. Powers, III*, and *Robert J. Wiggers*, Attorneys, *John S. Moot*, General Counsel, Federal Energy Regulatory Commission, and *Robert H. Solomon*, Solicitor. *Robert B. Nicholson*, Attorney, U.S. Department of Justice, entered an appearance.

Before: SENTELLE, GRIFFITH and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: The Canadian Association of Petroleum Producers ("CAPP") has petitioned for review of the Federal Energy Regulatory Commission's Policy Statement on Income Tax Allowances. *Policy Statement on Income Tax Allowances*, 111 FERC ¶ 61,139 (2005). Petitioners assert that the Policy Statement is arbitrary and capricious and contrary to our decision in *BP West Coast Products, LLC v. FERC*, 374 F.3d 1263 (D.C. Cir. 2004).

Petitioners have brought a facial challenge to the Policy Statement. They do not seek review of FERC's income tax allowance policy as applied to any individual pipeline's rates. The Commission argues that the petition should be dismissed on either standing or ripeness grounds. Since the Policy Statement does not grant an income tax allowance to any specific pipeline, the Commission argues that petitioners have not suffered Article III injury-in-fact as a result of the promulgation of the statement. Along similar lines, the Commission contends that the Policy Statement is not ripe for review because the statement, standing alone, will not have an "immediate and significant" impact on any party to this case.

We acknowledge that CAPP's facial challenge to the Policy Statement raises substantial issues of both standing and ripeness. We need not address these threshold issues, however, because we have resolved the merits arguments raised by CAPP in our decision in the related case of *ExxonMobil v. FERC*, No. 04-1102, *et al.* (May 29, 2007). We thus dismiss CAPP's petition for review as moot in light of our subsequent holding.

*So ordered.*